UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION
_____

SHALEGRA WILLIAMS,
individually and on behalf of all
others similarly situated,

                  CIVIL ACTION NO. _____

      Plaintiff,

vs.

ALBANY ADVOCACY
RESOURCE CENTER, INC.,

      Defendant.
_____

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

Plaintiff Shalegra Williams, individually and on behalf of all other similarly situated current and former employees of Defendant Albany Advocacy Resource Center, Inc. ("AARC"), brings this putative collective action and alleges as follows:

### I.

### OVERVIEW

1. Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* to recover unpaid overtime compensation under § 216(b) of the FLSA. She brings these claims as a collective action on behalf of herself and all current or former home healthcare workers employed by Defendant from January 1, 2015 to the present.

## II.

## THE PARTIES

**Plaintiff**

2. Plaintiff Shalegra Williams is a citizen of the United States, domiciled in the City of Albany, State of Georgia, and was employed by Defendant in Georgia for approximately from July, 2016 through approximately October, 2016 years as a home healthcare worker who provided companionship services.

3. Plaintiff Williams' hours varied from week to week but she regularly worked more than 40 hours a week, including some weeks in which she worked in excess of 70 hours.

4. Despite her overtime work, she was not properly compensated for all overtime hours worked in excess of 40 hours per week. Plaintiff Williams' consent to sue is attached hereto as Exhibit "A".

5. Plaintiff brings this action on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals were, or are, employed by Defendant as home healthcare workers since January 1, 2015. As this case proceeds, it is likely that more individuals will join this action as opt-in plaintiffs.

6. The precise size of the FLSA Collective and the identity of the putative plaintiffs will be ascertainable from the business records of Defendant and its related and affiliated entities.

**Defendant**

7. Defendant Albany Advocacy Resource Center, Inc. ("Defendant") is a Georgia corporation with its principal place of business located in Albany, Georgia.

8. Defendant is, and has been, an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 at all relevant times.

9. Plaintiff, and all those similarly situated, are "employees" of Defendant engaged in commerce or in the production of goods or services for commerce as defined by 29 U.S.C. § 206(a) and 207(a)(1).

10. At all relevevant times, Defendant is, and has been, an "employer" of Plaintiff and the similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. This claim is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and is a collective action pursuant to 29 U.S.C. § 216(b).  Plaintiff's claims arise under § 207(a) of the FLSA.

## IV.

## VENUE

12. Venue is proper in this Court as a substantial part of the events giving rise the claims occurred in this county.

## V.

## COLLECTIVE ACTION DEFINITION

13. The class of similarly situated employees sought to be certified under 29 U.S.C. § 216(b) as a collective action is defined as:

All current or former home healthcare workers employed by Defendant and/or any of its affiliated entities from January 1, 2015 to the present (the "FLSA Collective").

## VI.

## FACTS

14. Defendant employed Plaintiff and the FLSA Collective as home health care workers who provided companionship services for the elderly, ill or disabled.

15. Plaintiff's hours varied from week to week, but Defendant suffered and permitted her to regularly work more than 40 hours a week, including some weeks in which they worked up to and including 70 hours in a workweek.

16. For example, for the pay period ending on October 23, 2016, Plaintiff was paid straight pay of $8.00 for ninety-one hours (91) and $10.00 for twelve hours (12), for a total compensation of $848.00.

17. Upon information and belief, Defendant suffered and permitted the members of the FLSA Collective to work more than 40 hours in a week, and members of the FLSA Collective worked more than 40 hours in certain workweeks.

18. Neither Plaintiff nor the members of the FLSA Collective were compensated in accordance with the FLSA because they were not paid proper overtime wages for all hours worked in excess of forty hours a week for all weeks worked. Rather

than paying them 1.5 times their regular rate of pay for all hours worked over 40 in a workweek, Defendant paid them straight time.

19. Plaintiff is aware of other current and former employees of Defendant who were subject to the same payroll practice.

## VII.

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

21. Plaintiff files this action on behalf of herself and all similarly situated individuals. As mentioned above, the proposed FLSA Collective is defined as follows:

> All current or former home healthcare workers employed by Defendant and/or any of its affiliated entities from January 1, 2015 to the present.

22. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at an hourly rate of 1.5 times an employee's regular rate of pay for hours worked over 40 in a work week.

23. The FLSA contains an exemption from overtime for "domestic workers" who provide companionship and other services to individuals who were unable to care for themselves and also contains an exemption for live in domestic service workers. 29 U.S.C. §§ 213(b)(21) and 213(a)(15).

24. In October 2013, the United States Department of Labor explained that these exemptions do not apply to domestic-service workers employed by third-party agencies or employers.

25. Beginning on January 1, 2015, the regulations provide that domestic-service workers employed by third-party agencies or employers are not exempt from the FLSA's minimum wage and overtime requirements.  29 C.F.R. § 552.109(a).

26. As of January 1, 2015, all domestic-service workers employed by third-party agencies or employers are entitled to overtime compensation at an hourly rate of 1.5 times the employee's regular rate of pay for hours worked over 40 in a work week.

27. Since January 1, 2015, Plaintiff and the FLSA Collective have routinely worked in excess of 40 hours per workweek without receiving proper overtime compensation for their overtime hours worked.

28. As an example, for the pay period of ending on October 23, 2016, Defendant paid Plaintiff Williams straight pay of $8.00 per hour for ninety-one (91) hours for one patient and $10.00 per hour for twelve (12) hours for another.  No overtime wages were paid.

29. Defendant has violated, and is violating, the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying domestic-service workers, like Plaintiff and the FLSA Collective, overtime as required by law.

30. Despite the Department of Labor's positon that domestic-service workers employed by third-party agencies or employers are not exempt from the FLSA's minimum wage and overtime requirements, Defendant maintained its practice of failing to pay the proper overtime compensation to Plaintiff and the FLSA Collective.

31. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective proper overtime compensation for all hours worked over 40.

## VIII.

### COUNT ONE
### FAIR LABOR STANDARDS ACT—OVERTIME WAGES

32. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

33. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over 40 hours per workweek.

34. Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work more than 40 hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

35. Defendant knew, or showed reckless disregard for the fact, that it failed to pay these individuals proper overtime compensation in violation of the FLSA.

36. Defendant's failure to comply with the FLSA overtime protections caused Plaintiff and the FLSA Collective to suffer loss of wages and interest thereon.

37. Plaintiff and the FLSA Collective are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the FLSA.

### RELIEF SOUGHT

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

2. Judgment that Plaintiff and those similarly situated are entitled to the overtime protections under the FLSA;

3. Judgment against Defendant for violation of the overtime provisions of the FLSA;

4. Judgment that Defendant's violations of the FLSA were willful;

5. An award to Plaintiff and those similarly situated in the amount of unpaid overtime wages and liquidated damages;

6. An award of prejudgment interest (to the extent liquidated damages are not awarded);

7. An award of reasonable attorneys' fees and costs;

8. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

9. For such further relief as may be necessary and appropriate.

Dated: November 29, 2016

                Respectfully Submitted:

                By /s/ Justin T. Holcombe
                      Justin T. Holcombe
                      Georgia Bar No. 552100
                      jholcombe@skaarandfeagle.com
                      Kris Skaar
                      Georgia Bar No. 649610
                      kskaar@skaarandfeagle.com

SKAAR & FEAGLE LLP
133 Mirramont Lake Drive
Woodstock, GA 30189
Tel: (770) 427-5600
Fax: (404) 601-1855


James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
SKAAR & FEAGLE, LLP
2374 Main Street, Suite B
Tucker, GA 30084
Tel: (404) 373-1970
Fax: (404) 601-1855

Philip Bohrer (lead counsel)
   (to be admitted *pro hac vice*)
phil@bohrerbrady.com
Scott E. Brady (to be admitted *pro hac vice*)
scott@bohrerbrady.com
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

ATTORNEYS FOR PLAINTIFF AND
THE PUTATIVE FLSA COLLECTIVE

9